IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA AND<br>NORMA PUGA,<br><br>Plaintiffs<br><br>v.<br><br>NEW YORK MARINE & GENERAL<br>INSURANCE CO., PROSIGHT<br>SPECIALTY INSURANCE GROUP,<br>INC. AND SOUTHWEST MARINE &<br>GENERAL INSURANCE CO.,<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:19-CV-00381 |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER
FEDERAL RULES OF CIVIL PROCEDURE 9 and 12(b)(6)**

Blair Dancy
State Bar No. 24001235
Southern District ID No. 619381
bdancy@cstrial.com
Zachary H. Bowman
State Bar No. 24073944
Southern District ID No. 1312136
zbowman@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

PAGE

Table of Contents ..................................................................................................... ii

Index of Authorities ................................................................................................ iii

I.      INTRODUCTION ......................................................................................... 1

II.     BACKGROUND ............................................................................................. 4

III.    ARGUMENT .................................................................................................. 6

      A.      Plaintiffs' claim for breach of the common law duty of good faith
            fair dealing has been deemed abandoned by this Court, and even
            if still viable, it is not valid under application law ..................................... 7

      B.      Plaintiffs have ignored this Court and asserted the same two
            sentences regarding their alleged Insurance Code claims this
            Court deemed insufficient ............................................................................ 8

      C.      Plaintiffs' Insurance Code claims are nevertheless not assignable
            from RCX ad not viable ................................................................................ 9

      D.      Plaintiffs' Insurance Code claims are also not viable as direct claims ....... 12

      E.      Claims under Chapter 542 of the Texas Insurance Code are also
            not assignable and should be dismissed .................................................... 12

      F.      Chapter 542 claims do not apply to these facts ......................................... 14

      G.      Plaintiffs cannot recover exemplary damages on an assigned claim ......... 16

PRAYER ..................................................................................................................... 17

# INDEX OF AUTHORITIES

PAGE

## CASES

*Allstate Ins. Co. v. Watson*, 876 S.W.2d 145 (Tex. 1994) .............................................10

*Am. S. Ins. Co. v. Buckley,* 748 F.Supp.2d 610 (E.D. Tex. 2010)
    *reversed on other grounds,* 690 F.3d 342 (5th Cir. 2012) ...............................7,9,10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................4,5,7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................4,5,7

*Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.,*
    No. A–10–CA–362–SS, 2011 WL 9879170 (W.D. Tex. April 27, 2011)
    *reversed on other grounds,* 690 F.3d 342 (5th Cir. 2012)...............................9,11

*Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.,*
    No. A–10–CA–362–SS, 2011 WL 13112580 (W.D. Tex. May 25, 2011)...........11,12

*Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728
    (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ..................................6

*Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000)........................................10

*DeLeon v. Lloyd's London*, 259 F.3d 344 (5th Cir. 2001) ............................................13

*D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd.,*
    300 S.W.3d 740 (Tex. 2009)...............................................................................12

*Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217 (3d Cir. 2010).............................4

*Great Am. Ins. Co. v. Fed. Ins. Co.*, Civ. No. 3:04–CV–2267–H,
    2006 WL 2263312 (N.D. Tex. 2006) ............................................................7,8,9,14

*Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217 (Tex. 1979) .............................11

*Johnson v. Rolls*, 79 S.W. 513 (Tex. 1904) ..................................................................14

*Launius v. Allstate Ins.* Co., Civ. No. 3:06–CV–0579–B,
    2007 WL 1135347 (N.D. Tex. 2007)...................................................................7,9

*Lamar Homes, Inc. v. Mid-Continent Casualty Company,*
    242 S.W.3d 1 (Tex. 2007) ...................................................................................12

*Lee v. Rogers Agency*, 517 S.W.3d 137
    (Tex. App.—Texarkana 2016, pet. denied).........................................................7

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001)...........5

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996)............................5

*Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*,
    903 F.3d 435 (5th Cir. 2018)..............................................................................12

*Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc.*,
    938 S.W.2d 27 (Tex. 1996) ..................................................................................6

*Mendoza v. American Nat'l Ins. Co.*,
    932 S.W.2d 605 (Tex. App.—San Antonio 1996, no writ) .................................9

*Metzler v. XPO Logistics, Inc.*, 4:13-CV-278, 2013 WL 11894714
    (E.D. Tex. Oct. 18, 2013), *report and recommendation adopted*,
    4:13-CV-278, 2013 WL 6172650 (E.D. Tex. Nov. 22, 2013) ..............................2,3

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.*,
    955 S.W.2d 120 (Tex. App.—Houston [14th Dist.] 1997)
    *order withdrawn (July 8, 1999), aff'd sub nom*
    *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
    20 S.W.3d 692 (Tex. 2000)................................................................................14

*Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d 271
    (Tex. App.—Fort Worth 2018, no pet.) ........................................................11,12,13

*Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000) ......................................2

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*,
    146 S.W.3d 79 (Tex. 2004).........................................................................*passim*

*Rocor Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    77 S.W.3d 253 (Tex. 2002)...................................................................................6

*Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-00500-CV,
    2008 WL 2058216, (Tex. App.—Corpus Christi May 15, 2008,
    pet. denied) (mem. op.) ....................................................................................13

*State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799 (Tex. 2007)............................13

*Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991)....................................8

*Travelers Lloyds Ins. Co. v. Cruz Contracting of Tex., LLC*,
    No. 5:16-CV-759-DAE, 2017 WL 5202890
    (W.D. Tex. Mar. 17, 2017) (J. Ezra) .................................................................10

*United States ex rel. Williams v. Bell Helicopter Textron, Inc.*,
    417 F.3d 450 (5th Cir. 2005) ...............................................................5

*Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997) ...........................................6

*Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198 (Tex. 2004) ...........................12

## RULES

Fed. R. Civ. P. 9(b) ...........................................................................................5

Fed. R. Civ. P. 12(b)(6) ....................................................................................4

## STATUTES

Tex. Ins. Code §§ 542.051–542.061 ................................................................12

Tex. Ins. Code § 542.051(2)(A)–(B) .............................................................12

Tex. Ins. Code § 542.053(a)(4) .......................................................................13

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA AND<br>NORMA PUGA, | § | |
| | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:19-CV-00381 |
| NEW YORK MARINE & GENERAL<br>INSURANCE CO., PROSIGHT<br>SPECIALTY INSURANCE GROUP,<br>INC. AND SOUTHWEST MARINE &<br>GENERAL INSURANCE CO., | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants | § | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 9 and 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants New York Marine and General Insurance Company and Southwest Marine and General Insurance Company ("Defendants")[1] file this Partial Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 44 & 45-1).

### I.    INTRODUCTION

Plaintiffs have refiled causes of action this Court previously dismissed. Defendants move to dismiss these same causes of action once again. Defendants also move to dismiss Plaintiffs' common-law claims for punitive damages based on assignment, as such claims are not assignable.

---

[1] ProSight Specialty *Insurance Group, Inc.* has been dismissed, and Plaintiffs did not include that entity in their First Amended Complaint.

Plaintiffs' motion for leave to add ProSight Specialty *Management Company, Inc.* as a defendant remains pending. *See* Dkt. 45. ProSight Specialty Management Company, Inc. has not been served and is not a current party to this litigation.

The Court previously dismissed several of Plaintiffs' claims and granted Plaintiffs the right to replead certain claims. *See* Order on Motion to Dismiss (Order) (Dkt. 41). Plaintiffs filed their First Amended Complaint and simultaneously moved for leave to add an additional defendant. (Dkt. 44 & 45). Defendants opposed the motion for leave, because allowing Plaintiffs to assert the same non-viable claims as were previously dismissed, but against a different entity, would be futile. *See* Response to Plaintiffs' Motion for Leave (Dkt. 47).

Defendants move to dismiss all claims other than Plaintiffs' direct claims for breach of contract against both New York Marine and Southwest Marine, and Plaintiffs' *Stowers* claims against New York Marine.[2]

## II.    BACKGROUND

This Court previously dismissed certain Plaintiffs' claims where Plaintiffs "made no attempt to tie factual allegations to their theories of recovery." Order on Motion to Dismiss (Order) (Dkt. 41), at 8. The Court maligned the difficulty of deciding a motion to dismiss on Plaintiffs' vaguely pleaded claims. Portions of the Pugas complaint were "so cryptic as to present moving targets regarding the precise claims being made." *Id.*

Rather than "attempt to fill in the blanks or engage in lengthy analyses of claims that may have not been intended," the Court granted Plaintiffs the right to replead. *Id.* The Court expressed hope this would ensure Plaintiffs' claims had "taken on final shape so that the court can see what legal issues it is deciding." Order at 8–9 (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 898 (5th Cir. 2000) and *Metzler v. XPO Logistics, Inc.*,

---

[2] Defendants anticipate moving for summary judgment on any remaining claims.

4:13-CV-278, 2013 WL 11894714, at *7 (E.D. Tex. Oct. 18, 2013), *report and recommendation adopted*, 4:13-CV-278, 2013 WL 6172650 (E.D. Tex. Nov. 22, 2013)).

The Court's Order found that the "Pugas's pleadings with respect to the breach of the duty of good faith and fair dealing are not specific with respect to the derivation of the duty." Order, at 11. The Court found it was unclear whether the Pugas were asserting the claim as a first-party claim, as a third-party beneficiary, or under the Insurance Code. *Id.* The Court found that the Pugas abandoned any argument for a first-party claim in their response to the motion to dismiss. *Id.* The Pugas also failed to specify how a duty of good faith and fair dealing would arise out of a third-party beneficiary claim. *Id.* at 11. In their response, the Pugas appeared to abandon any common law claim for breach of good faith and fair dealing, and instead argued as if the claim was brought under the Insurance Code. *Id.* at 11 (citing Doc. No. 33, at 28–29). As a result, the Court dismissed the Pugas' breach of common law duty of good faith and fair dealing claim as ***abandoned.***

As to the Pugas' potential claims under the Insurance Code, the Court found the Pugas' complaint broadly and improperly referenced "all conduct" and the entire Texas Insurance Code. *Id.* at 13. This did not "provide the parties or this Court with notice of the specific claims being made." *Id.* at 13. The Court noted that "[t]he only cite to the Insurance Code in their complaint is to § 542.060, which is a damages provision." *Id.* at 13. Plaintiffs' proposed First Amended Complaint now commits the same error, only mentioning § 542.060 in the damages section of the complaint and never specifying any specific code sections it alleges were violated. *See* First Amended Complaint, ¶ 56.

Plaintiffs' First Amended Complaint also still alleges a breach of the duty of good faith and fair dealing under the common law. *See* First Amended Complaint, ¶ 33. Plaintiffs ignore the Court's order and again allege vaguely that Defendants' "conduct

amounted to numerous violations of the Texas Insurance Code." *Id.* at ¶ 56. Plaintiffs now also specifically allege they "are third party beneficiaries of the duty of good faith and fair dealing," but they still do not specify "how a duty of good faith and fair dealing would arise out of a third-party beneficiary claim." *Cf.* Order at 11.

Plaintiffs' First Amended Complaint also pleads for exemplary damages pursuant to the good faith and fair dealing claims and as to the assigned[3] *Stowers* claim. *See* First Amended Complaint, ¶¶ 54.

## III.   ARGUMENT

A claim may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is devised to balance a party's right to redress legitimate claims against the interests of all parties and the Court to minimize the expenditure of time, money, and resources devoted to meritless claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To determine whether a claim survives a Rule 12(b)(6) motion, courts engage in a two-step analysis. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, courts review the complaint, separating assertions of fact from legal conclusions. *See Edwards*, 610 F.3d at 219. A court is not required to accept as true those allegations that amount to legal conclusions. *Iqbal*, 556 U.S. at 678. Moreover, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Second, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Edwards*, 610 F.3d at 219.

---

[3] Plaintiffs have specifically pled that they have standing to bring the *Stowers* claim due to the assignment from RCX Solutions, Inc. *See* First Amended Complaint, at ¶ 16.

"The heightened pleading standard of Rule 9(b) applies to any claim for fraud and causes of action in which the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." Order at 3 (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). Rule 9(b) requires the pleader to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This means the plaintiff must allege the "who, what, when, where, and how" of the purported fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### A.   *Plaintiffs' claim for breach of the common law duty of good faith and fair dealing has been deemed abandoned by this Court, and even if still viable, it is not valid under applicable law.*

Plaintiffs' claim for breach of the common law good faith and fair dealing was dismissed as "abandoned" after they failed to offer any argument for a common law claim in their response to Defendants' prior motion to dismiss. *See* Order, at 12. The Court's Order appears to have only given Plaintiffs the option to replead certain claims with particularity. *See id.* at 14 (dismissing Insurance Code claims for failure to plead with particularity under *Twombly* and *Iqbal*). Now, Plaintiffs appear to abandon their Insurance Code claims and solely assert their common law claim. *See* First Amended Complaint at ¶¶32–38. Under the language of this Court's order, such repleading should be impermissible, and this cause of action should be dismissed as previously abandoned.

Even if Plaintiffs were permitted to revive an abandoned claim, Plaintiffs' claim for a common law duty of good faith and fair dealing to the Pugas as third-party beneficiaries is unsupported by the law and should still be dismissed.

Texas common law recognizes only the *Stowers* cause of action in respect to the facts alleged. The common-law duty of good faith and fair dealing does not apply in the third-party context. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 n.2 (Tex. 1997) ("We have recognized the bad-faith tort only in the first-party context."); *Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc.*, 938 S.W.2d 27, 28 (Tex. 1996) [4] ("we now hold that Texas law recognizes only one tort duty in [the third-party liability] context, that being the duty stated in *Stowers*") (superseded by statute); *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 732 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding "we know of no case in which a Texas court has broadened an insurance carrier's duty of good faith and fair dealing to provide a remedy to an injured third party."). Claims for breach of the duty of good faith and fair dealing therefore fail to state a claim on which relief may be granted and should be dismissed.

**B.    *Plaintiffs have ignored this Court and asserted the same two sentences regarding their alleged Insurance Code claims this Court deemed insufficient.***

Plaintiffs continue to include a reference to the Texas Insurance Code in their damages section without addressing any specific alleged code violations in their

---

[4] *Maryland v. Head* was superseded by statute, as recognized in *Rocor Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 77 S.W.3d 253, 262 (Tex. 2002). *Rocor* effectively allows a *Stowers*-type claim to be brought under Chapter 541 of the Texas Insurance Code, if the "insured shows that (1) the policy covers the claim, (2) the insured's liability is reasonably clear, (3) the claimant has made a proper settlement demand within policy limits, and (4) the demand's terms are such that an ordinarily prudent insurer would accept it." *Id.* However, this holding extends only to statutory claims which, as discussed in Defendants' motion, are not assignable. In respect to common-law claims, the insured is limited to *Stowers* in the third-party context.

complaint, the same problem this Court addressed in its Order. *See* Order at 13 ("The only cite to the Insurance Code in their complaint is to § 542.060, which is a damages provision. It does not provide guidance regarding the liability claims at issue."). Plaintiffs again only reference § 542.060 in their damages section. *See* Proposed Amended Complaint, at ¶56. Plaintiffs completely ignore this Court's mandate requiring they plead claims with specificity.

Because the allegations are unchanged, this Court should again rule that "[a]ll claims for breach of the Texas Insurance Code are DISMISSED for failure to plead with particularity as required by *Twombly/Iqbal*." Order, at 14. This time, however, such dismissal should be with prejudice to repleading same.

## C.  *Plaintiffs' Insurance Code claims are nevertheless not assignable from RCX and not viable.*

Even if Plaintiffs' insurance code claims by assignment from RCX were correctly pleaded, such statutory claims are not assignable. *See, e.g., Lee v. Rogers Agency*, 517 S.W.3d 137, 146 n.3 (Tex. App.—Texarkana 2016, pet. denied) ("The Texas Supreme Court has held that DTPA claims are not assignable. . . . Although the Supreme Court has not addressed whether Insurance Code claims are assignable, three federal district courts applying Texas law have ruled that they are not for the same reasons discussed in *PPG Industries, Inc.*, and we agree with the reasoning in those cases.") (citing *Great Am. Ins. Co. v. Fed. Ins. Co.*, Civ. No. 3:04–CV–2267–H, 2006 WL 2263312, at *10 (N.D. Tex. 2006); *Launius v. Allstate Ins.* Co., Civ. No. 3:06–CV–0579–B, 2007 WL 1135347, at *6 (N.D. Tex. 2007); *Am. S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626 (E.D. Tex. 2010), *reversed on other grounds*, 690 F.3d 342 (5th Cir. 2012)).

The same reasons that DTPA claims are deemed unassignable by the Texas Supreme Court apply here. *See PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 91 (Tex. 2004) ("assignability of DTPA claims may encourage some buyers to cooperate—if not collude—with a seller who may have been the one that actually misled them"). In *PPG Industries*, the Texas Supreme Court held that the Legislature intended the DTPA to be a remedy for consumers and intended for consumers to bring claims themselves, and that allowing consumers to assign their claims to parties excluded by the statute would thwart its purpose. *Id.* at 85–87. Assignment would also risk creating a secondary type of market for DTPA claims (which can award treble damages), creating the opportunity for consumers to be deceived a second time. *Id.* at 86. The Court also noted the inherent difficulty and confusion that result from jurors attempting to award mental anguish damages of a consumer, or punitive damages based on "the situation and sensibilities of the parties," when the claimant was not the affected consumer. *Id.* at 90. "The DTPA is primarily concerned with people—both the deceivers and the deceived. This gives the entire act a personal aspect that cannot be squared with a rule that allows assignment of DTPA claims as if they were merely another piece of property." *Id.* at 91.

District courts have rejected the assignment of insurance code claims under this same reasoning. In *Great American Insurance Co.*, the district court noted that insurance code claims, like DTPA claims, are "personal and punitive in nature." 2006 WL 2263312, at *10 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991) (holding Insurance Code treble damages to be punitive and designed to deter Code violations). The court also noted that like the DTPA, the Insurance Code made no provision for assignability. *Id.*

Like the DTPA, the Insurance Code makes no provision for assignability. Like the DTPA treble damages, Insurance Code damages are intended to encourage suits by aggrieved consumers. In fact, ***each and every policy argument articulated by the Texas Supreme Court against assignment of a DTPA claim applies with equal force to a claim brought under the Texas Insurance Code.***

*Id.* at 10 (emphasis added).

Other district courts have followed the reasoning in *Great American* and *PPG Industries* to hold that Chapter 541 claims are not assignable. *See Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, No. A–10–CA–362–SS, 2011 WL 9879170, at *8 (W.D. Tex. April 27, 2011) (holding that "claims under Texas Insurance Code Chapter 541 may not be assigned"), *reversed on other grounds,* 690 F.3d 342 (5th Cir. 2012)*; Launius v. Allstate Ins.* Co., Civ. No. 3:06–CV–0579–B, 2007 WL 1135347, at *6 (N.D. Tex. 2007) (relying on *Great American* and *Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605 (Tex. App.—San Antonio 1996, no writ); *Am. S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626 (E.D. Tex. 2010)**,** *reversed on other grounds*, 690 F.3d 342 (5th Cir. 2012)).

Here, the same policy considerations should prevent the court from allowing the assignment of RCX's claims under the Insurance Code. The Texas Legislature intended to create a scheme whereby claimants like RCX could bring any claims for insurance code violations itself. *See PPG Indus., Inc.*, 146 S.W.3d at 86–87. The Texas Supreme Court has expressly condemned allowing a "secondary market" for these type of claims (permitting punitive damages and more personal remedies) to exist. *See id.* at 85. Permitting claimants like Plaintiffs to bring claims based on the allegedly aggrieved RCX would also present the same difficulties warned about by the Texas Supreme Court, where a jury would have to attempt to award punitive damages without the actual affected

claimant before the Court. For the same reasons announced by the Texas Supreme Court in *PPG Industries* and followed by federal district courts, Plaintiffs lack standing to bring claims under Chapter 541 of the Texas Insurance Code, because these claims cannot be assigned. The claims should be dismissed for failure to state claims upon which relief may be granted.

### D.   *Plaintiffs' Insurance Code claims are also not viable as direct claims.*

Even if Plaintiffs' insurance code claims as third-party beneficiaries against New York Marine and Southwest Marine were correctly pleaded, such statutory claims are not viable. Such direct statutory claims have been rejected by the Texas Supreme Court. *See Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 150 (Tex. 1994) ("Were we to extend to third party claimants the same duties insurers owe to their insureds, insurers would be faced with owing coextensive and conflicting duties."); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000) ("Allowing third parties a direct cause of action, we determined, would create situations in which an insurer would be exposed to potential liability by these conflicting duties.") (citing *Watson*). These holdings have been applied directly to claims made by judgment creditors such as the Plaintiffs here. *See, e.g., Travelers Lloyds Ins. Co. v. Cruz Contracting of Tex., LLC*, No. 5:16-CV-759-DAE, 2017 WL 5202890, at *4–5 (W.D. Tex. Mar. 17, 2017) (J. Ezra). The claims should be dismissed for failure to state claims upon which relief may be granted.

### E.   *Claims under Chapter 542 of the Texas Insurance Code are also not assignable and should be dismissed.*

To the extent Plaintiffs' allegations under Chapter 542 were sufficient in this repleading, such claims are also not assignable. *See Buckley*, 748 F. Supp. 2d at 626 ("542.051(2) states a 'claim' within the meaning of Chapter 542 governing prompt

payment of claims is defined as a 'first party claim.' . . . [S]tatutory remedies under the Texas Insurance Code are personal and punitive in nature and the Insurance Code makes no provision for assignability.").

Courts have also noted that the penal nature of Chapter 542 supports holding such claims cannot be assigned, just as the Texas Supreme Court held with respect to the DTPA in *PPG Industries*. *See Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d 271, 281 n.17 (Tex. App.—Fort Worth 2018, no pet.) (noting that "the penal character of insurance code remedies supports limiting the scope of plaintiffs who may plead for them") (citing *Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex. 1979) (stating that civil statutes "of a penal nature are to be strictly construed" and holding that forfeiture provisions of a usury statute were "restricted to the immediate parties to the transaction")).[5]

Just like Chapter 541 claims, Chapter 542 claims cannot be assigned under the plain language of the Insurance Code and for the same policy reasons announced by the Texas Supreme Court in *PPG Industries*. *See PPG Indus.*, 146 S.W.3d at 91. Therefore, Plaintiffs have no standing to bring claims under Chapter 542 of the Texas Insurance Code, and those claims should be dismissed due to Plaintiffs failure to state claims upon which relief may be granted.

---

[5] One court held that Chapter 542 claims can be assigned like Chapter 541 claims but later reconsidered its holding. *See Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, No. A–10–CA–362–SS, 2011 WL 9879170, at *8 (W.D. Tex. April 27, 2011) (holding that "claims under Texas Insurance Code Chapter 541 may not be assigned, but [claims] under Chapter 542 may be"), *reversed on other grounds*, 690 F.3d 342 (5th Cir. 2012). On rehearing, the same court then held that Chapter 542 claims are strictly first-party claims that cannot be brought in the third-party context to begin with. *See Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, No. A–10–CA–362–SS, 2011 WL 13112580, at *8 (W.D. Tex. May 25, 2011). Thus, assignment was a non-issue.

**F.      *Chapter 542 claims do not apply to these facts.***

To the extent Plaintiffs are directly asserting claims under Chapter 542 of the Texas Insurance Code, such claims do not apply to third parties. Chapter 542 is limited to first-party claims "made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract" and that "must be paid by the insurer directly to the insured or beneficiary." TEX. INS. CODE § 542.051(2)(A)–(B); *Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d at 281.

In the context of liability policies, the only insurance payments recognized as "first party" are the insured's defense costs. *See Lamar Homes, Inc. v. Mid-Continent Casualty Company*, 242 S.W.3d 1, 20 (Tex. 2007) (holding company's "right to a defense benefit under a liability insurance policy is a 'first-party claim' within the statute's meaning") (addressing article 21.55 of the Texas Insurance Code, now TEX. INS. CODE §§ 542.051–542.061). "[T]he duty to defend and the duty to indemnify 'are distinct and separate duties.'" *See Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 449 (5th Cir. 2018) (quoting *D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) and *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)). "[A] third-party claim is stated when "an insured seeks coverage for injuries to a third party." *Lamar Homes, Inc.*, 242 S.W.3d at 17; *see Berkley Reg'l Ins. Co.*, 2011 WL 13112580, at *8 ("A first-party claim is stated when an insured seeks recovery for the insured's own loss, whereas a third-party claim is stated when an insured seeks coverage for injuries to a third party."). Here, the only insurance payments Plaintiffs seek concern the duty to indemnify, not the duty to defend. *See* Complaint at ¶¶ 18, 22. Thus, RCX had no first-party claims to assert, and Chapter 542 does not apply.

To the extent Plaintiffs assert a Chapter 542 claim in respect to their claims for indemnity under the Policy, Chapter 542 still does not apply. Under the statute's plain meaning, "only a beneficiary *named* in a policy or contract may sue for an insurer's acts with respect to a 'claim.'" *Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d at 281 (emphasis added); *see also State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 802 (Tex. 2007) (stating that the "statute defines a 'claim' to . . . limit coverage to beneficiaries named in the policy"); *DeLeon v. Lloyd's London*, 259 F.3d 344, 354 (5th Cir. 2001) (holding that the prompt payment statute concerns the "relationship between the insurer and the 'named' beneficiary—not the lawful, yet unnamed beneficiary," and therefore that the statute did not apply to the plaintiff who was not actually named in the policy); *Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-00500-CV, 2008 WL 2058216, at *9 (Tex. App.—Corpus Christi May 15, 2008, pet. denied) (mem. op.) (stating that the prompt-payment provisions limit causes of action "to a beneficiary named in the policy" and concluding that the provisions did not "provide relief to a party who [was] not named a beneficiary in the policy or contract but [was] merely deemed [a] proper beneficiary after litigation"). Thus, Chapter 542 does not apply to Plaintiffs' direct claims under the New York Marine Policy.

To the extent Plaintiffs are asserting direct claims under Chapter 542 in respect to Southwest Marine's surety bond, the Prompt Payment of Claims Act expressly does not apply to such claims. *See* TEX. INS. CODE § 542.053(a)(4) ("This subchapter does not apply to . . . fidelity, surety, or guaranty bonds . . . .").

Plaintiffs' claims under Chapter 542 fail to state a claim upon which relief may be granted and should be dismissed.

**G.**     ***Plaintiffs cannot recover exemplary damages on an assigned claim.***

Plaintiffs have specifically pled the assignment from RCX Solutions, Inc. as support for their *Stowers* claim. While Defendants have not challenged the assignment of the *Stowers* tort claim, Texas Supreme Court precedent mandates that Plaintiffs cannot recover exemplary damages pursuant to an assigned claim. *See PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 87 (Tex. 2004) ("Courts addressing assignability have often distinguished between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.,* 955 S.W.2d 120, 134 (Tex. App.—Houston [14th Dist.] 1997)*, order withdrawn (July 8, 1999), aff'd sub nom. Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692 (Tex. 2000) (holding excess carrier not permitted to pursue gross negligence claims (among others) by assignment through equitable subrogation); *Johnson v. Rolls*, 79 S.W. 513, 514 (1904) ("Actions for punitive damages, as for maliciously suing out a writ of attachment, malicious prosecutions, and the like, die with the person of the wrongdoer.").

The Texas Supreme Court has specifically addressed the difficulty of a claimant asserting an assigned claim arguing for punitive damages, which are awarded based on "the situation and sensibilities of the parties." *PPG Indus., Inc.*, 146 S.W.3d at 90 (prohibiting the assignment of DTPA claims because "entire act [has] a personal aspect that cannot be squared with a rule that allows assignment"); *see also Great Am. Ins. Co. v. Fed. Ins. Co.*, Civ. No. 3:04–CV–2267–H, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006) (holding that insurance code claims, like DTPA claims, are "personal and punitive

in nature" and cannot be assigned). Plaintiffs therefore cannot claim personal and punitive damages on an assigned *Stowers* claim.

**PRAYER**

Defendants pray the Court grant Plaintiffs' Motion to Dismiss and dismiss Plaintiffs' claims for breach of the duty of good faith and fair dealing (common law and insurance code) and all claims for exemplary damages. Plaintiffs also pray for any other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Blair Dancy*
Blair Dancy
State Bar No. 24001235
Southern District ID No. 619381
bdancy@cstrial.com
Zachary H. Bowman
State Bar No. 24073944
Southern District ID No. 1312136
zbowman@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DEFENDANTS**