UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA AND NORMA PUGA<br>*PLAINTIFFS*<br><br>VS.<br><br>NEW YORK MARINE & GENERAL INSURANCE CO., PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. AND SOUTHWEST MARINE & GENERAL INSURANCE CO. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:19cv381<br>JURY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 9 AND 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW ALEXANDRO PUGA AND NORMA PUGA, Plaintiffs herein and file their Response to Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint Under Federal Rules of Civil Procedure 9 and 12(b)(6), and in support thereof would show the Court as follows:

**I.
PLAINTIFFS' ATTEMPT TO REPLEAD BASED ON
THE COURT'S ORDER ON MOTION TO DISMISS**

A.   **Plaintiffs' First Amended Complaint**

On November 13, 2020 the Pugas filed their First Amended Complaint as permitted and Ordered by the Court on October 15, 2020.

1.   **New York Marine**

Plaintiffs understood that as against New York Marine, their breach of *Stowers* duty

cause of action was retained, the breach of contract action was dismissed because Plaintiffs incorrectly pleaded a first party action (but opportunity to replead was granted), the duty of good faith and fair dealing was dismissed because the Court could not determine from where they duty arose (but opportunity to replead was granted), and the insurance code claims were dismissed for failing to plead with specificity.

Thus, Plaintiffs' amended complaint was intended to bring the following causes of action against New York Marine: Plaintiffs kept the *Stowers* cause of action, repleaded breach of contract as third party beneficiaries, repleaded the duty of good faith and fair dealing as a third party beneficiaries and took no action to plead with specificity any insurance code claims (because they were dismissed and Plaintiffs are not seeking to revive said claims, if any).

### 2. Southwest Marine & General Insurance Company

Plaintiffs understood that the breach of contract claim on the supersedeas bond against Southwest Marine was retained and therefore Plaintiffs took no action.

### 3. ProSight Specialty Insurance Group, Inc.

Plaintiffs understood that ProSight Specialty Insurance Group was dismissed so Plaintiffs omitted ProSight Specialty Insurance Group from the First Amended Complaint and added ProSight Specialty Management Company, Inc. as a party stating that they acted through their agents, representatives and employees. A motion for leave to add ProSight Specialty Management Company, Inc. was filed simultaneously with the First Amended Complaint.

Plaintiffs deleted their cause of action for fraudulent misrepresentation because the Court dismissed it because one cannot justifiably rely on a legal opinion.

## II.
## STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

Defendants filed a partial motion to dismiss Plaintiffs' First Amended Complaint under

Rule 12(b)(6) and Rule 9(b) arguing that Plaintiffs' cause of action for breach of duty of good faith and air dealing, as third party beneficiaries, is invalid and that there are no exemplary damages available in a *Stowers* claim.  Plaintiffs will show that,

A.	The Court Granted the Opportunity to Replead;

B.	Texas law permits direct actions by the Pugas as third party beneficiaries against New York Marine and ProSight Specialty Management Company, Inc., for breach of the duty of good faith and fair dealing; and

C.	Exemplary damages are available for a *Stowers* cause of action.

## III.
## LEGAL STANDARD

**A. Rule 12(b)(6) Standard**

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981); *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Herrman Holdings Ltd. V. Lucent Tech, Inc.* 302 F.3d 552, 557 (5th Cir. 2002)).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  Once the facts are pleaded, a court need only accept the pleaded allegations as true,

and if "there is some probability that discovery will provide Plaintiff with sufficient evidence to prove the allegations", a motion to dismiss should be denied. *Simons v. Harrison Waldrop & Uhreck, LLP*, 2006 WL 1698273 at *2, No. Civ. A. V-0-5-71 (S.D. Texas – Victoria June 14, 2006).

The Supreme Court has held that in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 922, 998 (2002). Thus, a plaintiff is generally not required to plead facts supporting each and every element of his claim or legal theory. *Id.* Rather, a complaint is sufficient if it "gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

B. **Rule 9(b) Standard**[1]

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). However, this particularity requirement "does not 'reflect a subscription to fact pleading.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely

---

[1] Plaintiffs have removed their cause of action for fraudulent misrepresentation so this standard does not apply to Plaintiffs' present causes of action, however Defendants have moved to dismiss under this standard.

conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard enunciated in *Twombly*).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 185. Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

## IV.
## ARGUMENT AND AUTHORITIES

### A. Court Granted Opportunity to Amend

Plaintiffs requested, in their response to Defendants' Motion to Dismiss, the opportunity to amend their complaint "to address pleading deficiencies raised in Defendants' Motion to Dismiss." (Doc 33, pp. 2, 33). Although the Court ruled that Plaintiffs' common law claim for breach of duty of good faith and fair dealing was abandoned (Doc 41, p. 12), the Court granted opportunity to replead. (*Id.*, Doc 41, pp. 1, 16) (stating that "The Court allows the Pugas an opportunity to file an amended complaint on or before November 13, 2020).

Under the Federal Rules of Civil Procedure, a party may amend its pleadings with the court's leave stating, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs have not brought or revived the action for common law breach of duty of

good faith and fair dealing in bad faith or for the purposes of harassment. Plaintiffs originally attempted to plead a cause of action for breach of the duty of good faith and fair dealing, but did not specify how such a duty arose. In their amended complaint they added the "The Pugas are third party beneficiaries of the duty of good faith and air dealing." (Doc 44, ¶ 34).

Defendants have not cited to any rules or cases which provide that Plaintiffs are unable to revive a claim that was deemed abandoned by the Court.

Furthermore, Plaintiffs did not voluntarily dismiss their claim for breach of common law duty of good faith and fair dealing. *See* Federal Rule of Civil Procedure 41(a)(1). The Court dismissed it as abandoned, but a dismissal by Court Order is without prejudice. *See id.* at Rule 41(a)(2).

Therefore, this Court should deny Defendants' motion to dismiss Plaintiffs' claim for breach of the common law duty of good faith and fair dealing on the basis that the Court ruled that it had been abandoned because leave to amend was granted, such leave is to be freely given, Plaintiffs did not voluntarily move to abandon the claim and dismissal of said claim was without prejudice to replead.

### B. Plaintiffs are Third Party Beneficiaries of the Duty of Good Faith and Fair Dealing

Under Texas law, a third party beneficiary of a contract has standing to sue for a breach thereof, for violations of the Texas Insurance Code, and for breach of the duty of good faith and fair dealing owed by an insurer to the insured. *Cartwright v. Balboa Insurance*, 2009 WL 10677492. (W.D. Tex.--Beaumont) (not reported in Fed. Supp.) (citing *Paragon Sales co., Inc. v. New Hampshire Ins. Co.*, 774 S.W.2d 659, 660 (Tex. 1989); *Seastrunk v. Darwell Integrated Technology, Inc.*, 2005 WL 1667811, No. Civ.A.3:05CV0531-G, at *4

(N.D. Tex. July 15, 2005) regarding breach of contract; *Bates v. Jackson National Life Ins. Co.*, 927 F. Supp. 1015, 1026 (S.D. Tex. 1996) regarding violations of the Texas Insurance Code; and *Todd v. Liberty Mut. Ins. Co.*, 2001 WL 1297193, No. 3-00-CV-2405-BD, at *3 n.3 (N.D. Tex. Oct. 9, 2001) regarding breach of the duty of good faith and fair dealing).

The duty of good faith and fair dealing is a "result of a special relationship between the parties governed or created by a contract." *Hopkins v. Highlands Ins. Co.*, 838 S.W.2d 819, 826 (Tex. App.--El Paso, 1992) (citing *William H. McGee & Co., Inc. v. Schick*, 792 S.W.2d 513, 521 (Tex. App.--Eastland 1990 (writ granted, *Schick v. Wm. H. McGee & Co., Inc.*, 843 S.W.2d 473, Tex., Dec. 09, 1992, Judgment Vacated, Cause Dismissed) (settlement). At issue in *Hopkins* was whether the insurance contact that was purchased by an employer, for its own protection, meant that there was no contract with an employee from which the duty of good faith would flow. *See id.* In *Hopkins*, Magnolia Company had purchased an insurance policy from Highlands Insurance Company to cover its delivery truck drivers, of which plaintiff was one. *Id.* (citing *Aranda v. Insurance Company of North America*, 748 S.W.2d 210 (Tex. 1988) (overruled by *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012) (holding that an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against a workers' compensation carrier because the 1989 restructuring of the Workers Compensation Act provided adequate protection to workers such that a judicially created common law remedy is no longer needed). The *Hopkins* court discussed that in *Aranda*, the Texas Supreme Court extended the duty of good faith and fair dealing to an injured worker in a workers' comp situation, even though the employee did not purchase the policy. *Id.* The Texas Supreme Court stated that "the contract between a compensation carrier and an employee creates the same type of special relationship under other insurance contracts." *Hopkins*, at 826 (citing

*Aranda*, 748 S.W.2d at 212). In reality, the insurance was purchased for the benefit of the employee. *See id.* The *Hopkins* court found that a truck fleet coverage case is analogous. *See id.* The *Hopkins* case further cited to the analogous case of *St. Paul Guardian Insurance Co. v. Luker*, where it was found that a son who lived in his father's home could sue the father's homeowners insurance policy for failure to pay a claim for the contents of the home that were destroyed in a fire, where the father was the homeowner and named insured on the policy. *Id.* (citing *St. Paul Guardian Insurance Co. v. Luker*, 801 S.W.2d 614, 616 (Tex. App. Texarkana 1990, no writ)). Though the insurance company claimed it had no duty to those not named in the policy, the court ruled that where a person purchases insurance for the benefit of another, both the contracting party and the third party are owed the duty of good faith and fair dealing. *Id.* (citing *Luker*, 801 S.W.2d at 618). Based on these cases, the *Hopkins* court concluded that Hopkins was owed the same duty of good faith and fair dealing by Highlands Insurance Company as he was a third-party beneficiary under the policy. *Id.* at 826.

Plaintiffs are third-party beneficiaries to the insurance contract between RCX Solutions, Inc. and New York Marine and General Insurance Company. *See Dairyland County Mutual Insurance Co. of Texas v. Childress*, 650 S.W.2d 770 (Tex. 1983). After judgment, the injured person can sue the insurer as a third-party beneficiary of the insurance policy. *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 929 (Tex. App.—Dallas 2011, no pet.).

Defendants cite to three cases in support of their argument that no duty of good faith and fair dealing exists as to the Pugas, but the first two cases involved duties an insurance company owes to its **own insured** when a third party makes a claim against the insured. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 n.2 (Tex. 1997); *Maryland Ins. Co. v. Head Indus. Coatings*

*& Services, Inc.*, 938 S.W.2d 27, 28 (Tex. 1996). The third case cited by Defendants is one where the court found that there are no duties owed to a third party claimant (as opposed to a third party beneficiary). *See Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 732 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

Thus, Texas courts have discussed the duties owed to an insured when s/he makes a first party claim, duties owed to an insured when a third party makes a claim, duties owed to a third party claimant and duties owed to a third party beneficiary. Though the Pugas are third party claimants, Plaintiffs have pleaded in their First Amended Complain that the Pugas are making a claim as third party beneficiaries to the contract of insurance. The cases cited by Defendants do not apply. Furthermore, Texas case law provides a duty of good faith and fair dealing to third-party beneficiaries of a contract. Therefore, the Pugas cause of action is valid and should not be dismissed.

      C.    **Exemplary Damages Available under *Stowers***

A plaintiff in a *Stowers* action may also recover exemplary damages. *See Ranger County Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 660 (Tex. 1987) (upholding award of exemplary damages in a *Stowers* action). Texas law permits the recovery of exemplary damages only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003. Fraud means "fraud other than constructive fraud." *Id*. at § 41.001(6). Malice means "a specific intent by the defendant to cause substantial injury or harm to the claimant." *Id*. at § 41.001(7). Gross negligence means an act or omission:

    (A)    which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
    (B)    of which the actor has actual, subjective awareness of the risk involved,

> but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id*. at § 41.001(11).

Under supreme court precedent, "to recover exemplary damages based on malice" the Pugas will need to "submit clear and convincing evidence of outrageous, malicious, or otherwise reprehensible conduct." *Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 867 (Tex. 2017); *accord Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 660 (Tex. 2012). They will also be "required to prove that the defendants specifically intended for [RCX] to suffer substantial injury that was 'independent and qualitatively different' from the compensable harms associated with the underlying causes of action." *Id*.

To recover exemplary damages based on gross negligence, the Pugas "must prove by clear and convincing evidence that 1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). "Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *Id*. "The subjective prong, in turn, requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts." *Id*.

Whether Plaintiffs have enough evidence of grossly negligent conduct is a question different than whether such damages are available under the law. Texas law makes exemplary damages available in this case. Defendants' motion to dismiss is based on the non-availability of

10

Plaintiffs' Response to Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint

such damages and should be denied. Alternatively, Defendants' motion is premature and Plaintiffs should be permitted to engage in additional discovery to obtain evidence to survive any future motions for summary judgment based on insufficient evidence of gross negligence, fraud or malice.

## V.
## PRAYER

Plaintiffs asks the Court to deny Defendants' Partial motion to dismiss Plaintiffs' First Amended Complaint on the basis that Plaintiffs have plead a claim as third party beneficiaries of the Breach of Duty of Good Faith and Fair Dealing and exemplary damages are available for a breach of *Stowers* duty cause of action. In the alternative, Plaintiffs ask for leave of the Court to file a second amended Complaint to conform to the rulings of the Court.

Respectfully submitted,

Richard W. Hunnicutt, III
The Law Offices of Thomas J. Henry
5711 University Heights Blvd., Suite 101
San Antonio, TX 78249

By:*/s/ Richard W. Hunnicutt, III*
Richard W. Hunnicutt, III
Federal Admission No.: 17838
State Bar No.: 10279700
*E-Mail: rhunnicutt-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFFS**
***Service by e-mail to this address only**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2020, I served the parties below with a copy of the foregoing instrument.

***Via CM/ECF:***
bdancy@cstrial.com; zbowman@cstrial.com
Blair Dancy
Zachary H. Bowman
CAIN & SKARNULIS PLLC
400 West 15th Street, Suite 900
Austin, Texas 78701

                                                */s/ Richard W. Hunnicutt, III*
                                                Richard W. Hunnicutt, III