United States District Court
Southern District of Texas
**ENTERED**
January 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA; cp HUNNICUTT, *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-381 |
| | § § | |
| NEW YORK MARINE & GENERAL INSURANCE CO., *et al*, | § § § | |
| Defendants. | § § | |

## ORDER REGARDING THE PLEADINGS

Plaintiffs Alexandro and Norma Puga filed this action against Defendants New York Marine & General Insurance Co. (New York Marine), Southwest Marine & General Insurance Co. (Southwest), and ProSight Specialty Insurance Group, Inc. (ProSight Insurance) after recovering a personal injury judgment against RCX Solutions, Inc. (RCX). Pursuant to the Court's diversity jurisdiction, they assert state law claims to collect against the tortfeasor's insurance and supersedeas bond providers. 28 U.S.C. § 1332; D.E. 1, pp. 1-2. After previous dismissal proceedings, the Court dismissed all claims except for the Pugas' claim to recover on Southwest's supersedeas bond and on the *Stowers* claim against New York Marine. The Court further granted leave for the Pugas to file an amended complaint curing defects in their pleadings with respect to the dismissed claims. D.E. 41.

Before the Court are Plaintiffs' motion for leave to file an amended complaint (D.E. 45) and Defendants' partial motion to dismiss (D.E. 49), addressing the viability of

the Pugas' claims, as set out in their first amended complaint (D.E. 44). For the reasons set out below, the Court STRIKES certain claims and otherwise GRANTS the motion for leave. The motion to dismiss is GRANTED IN PART and DENIED IN PART.

### DISCUSSION

**A. Motion for Leave to File Amended Complaint**

The Pugas have tendered their first amended complaint (D.E. 44), along with a motion for leave to file (D.E. 45), asking to join a new ProSight Defendant, ProSight Specialty Management Company, Inc. (ProSight Management).[1] New York Marine and Southwest (jointly Defendants) have filed their response (D.E. 47), arguing that the Pugas have ignored the Court's Order (D.E. 41) and have simply refiled the same insufficient claims, substituting ProSight Management for ProSight Insurance. Defendants also move to strike the amended complaint. D.E. 47, p. 5.

The Pugas deny this representation of their amended complaint, clarifying their intent as follows:

- As to New York Marine, in addition to the retained *Stowers* claim:
    - They assert breach of contract ***as third-party beneficiaries***; and
    - They assert breach of the duty of good faith and fair dealing ***as third-party beneficiaries***;
- As to Southwest, they retain the breach of contract claim the Court previously allowed, and do not seek to add new claims; and

---

[1] ProSight Management's citizenship is diverse from Plaintiffs and would not, therefore, defeat the Court's diversity jurisdiction. D.E. 44.

2 / 10

- As to ProSight Management, they assert, generally, that it is a corporate sibling of New York Marine and Southwest under parent ProSight Insurance. They further allege that it and its employees acted as fully authorized agents for both New York Marine and Southwest. Consequently, they include the conduct of ProSight Management in the claims asserted against New York Marine and Southwest.

D.E. 44, 50, p. 1-2.

The Pugas still refer to Defendants violating the Texas Insurance Code. D.E. 44, ¶ 56. If such claims were intended, the Pugas have not cured the insufficiency of the factual allegations required to support them. However, the Pugas expressly disclaim any intention to assert Insurance Code violations. D.E. 50, p. 2. The Court therefore STRIKES as superfluous paragraph 56 of the amended complaint. The Pugas have further eliminated their claims for fraudulent misrepresentations and state that the omission is intentional and in compliance with the Court's Order. D.E. 50, p. 2.

This leaves the allegations against ProSight Management, which are problematic. The Pugas do not allege that ProSight Management is a party to the policy of insurance or supersedeas bond that is the subject of this case. Rather, the allegations are that Defendants New York Marine and Southwest authorized ProSight Management to act as agent to take actions on their behalf that subjected New York Marine and Southwest to contractual or extra-contractual liability.

Defendants have not challenged the agency allegations to the extent that they may show conduct that violated Defendants' contracts. Rather, the gist of Defendants'

challenge is that the Pugas have not made sufficient allegations supporting the proposition that ProSight Management is liable in its own right for its actions as agent. The Pugas have not responded to this issue.

Asserting liability against an agent in its own name requires allegations that go beyond the principal's violation of its contract.

> As a general rule, except in the case of a negotiable instrument, an agent is not liable for the contracts of its principal; that is, an agent acting within the scope of their authority is generally not personally liable on a contract entered into by the agent for the benefit of their principal, since the agent is not a party to such a contract, it being the principal who enters into the contract.

3 Tex. Jur. 3d Agency § 196 (2021) (footnotes omitted). "An agent may be personally liable on contracts made for the benefit of the principal, where the agent (1) substitutes their own responsibility for that of the principal, or (2) has pledged the agent's own responsibility in addition to that of the principal." 3 Tex. Jur. 3d Agency § 197 (2021) (footnote omitted).

Because the Pugas have not alleged any basis for ProSight Management's own contractual liability, the Court DENIES the motion for leave (D.E. 45) to the extent that it seeks to join ProSight Management and STRIKES the following from the amended complaint:

- Paragraph 4 naming ProSight Management as a party Defendant;
- References to ProSight Management in *Stowers* paragraphs 21 through 23 stating that it had a contractual duty or breached a standard of care attendant to a contractual duty;

- References to ProSight Management in Breach of Contract paragraphs 28 and 30 suggesting that it, individually, had a duty to pay insurance contract benefits;

- References to ProSight Management in Breach of Contract paragraphs 40 and 44, alleging that it had a duty to pay supersedeas bond benefits; and

- References to ProSight Management in the Prayer as a party Defendant to be cited to appear and against which relief should be granted.

The Court does not address the pleading with respect to ProSight Management and the breach of the duty of good faith and fair dealing or exemplary damages, as those issues are addressed below.

With the exception of the stricken allegations, the Court GRANTS the motion for leave and deems the first amended complaint (D.E. 44) properly filed.

**B.     Motion to Dismiss**

Granting leave to file the amended complaint, however, does not mean that all of its claims are proper. The Court now turns to Defendants' partial motion to dismiss certain claims (D.E. 49). The Pugas responded (D.E. 50) and Defendants replied (D.E. 51). Because Defendants misread the Pugas' amended complaint to state claims that are no longer asserted, as discussed above, the Court DENIES AS MOOT the challenges to the assertion and assignability of Insurance Code claims. Therefore, the only remaining challenges to the pleading are: (1) the Pugas' right to assert a breach of the duty of good

faith and fair dealing; and (2) the Pugas' right to recover exemplary damages on the basis of the claims asserted.

### 1. Breach of the Duty of Good Faith and Fair Dealing

Defendants offer a preliminary argument that is largely procedural. They assert that the Court previously dismissed the good faith and fair dealing claim as abandoned and, accordingly, it is not subject to reassertion. However, that is neither an accurate account of the proceedings nor reflective of the Court's intention. The Pugas had pled the breach of the duty of good faith and fair dealing in their original complaint ***as a first-party claim*** that had been assigned to them. D.E. 1, p. 6. When challenged, they defended the claim as if they were asserting it ***as third-party beneficiaries*** of the insurance policy. D.E. 33, p. 10. Because they thus abandoned the first-party claim and had not pled the third-party claim, the Court dismissed the claim and allowed amendment to cure defects. D.E. 41.

The Court's Order did not limit which claims could be cured or raised in the first instance in the amended complaint. Because the third-party claim would constitute a new claim, previously unadjudicated, it was an appropriate claim to include in the amended pleading. *See generally*, Fed. R. Civ. P. 15(a)(2) (amendments to be allowed freely); D.E. 41, 43 (showing amendment was permitted and timely sought). Barring an appropriate substantive challenge, the claim would be properly before the Court.

With respect to the substance of the claim, Defendants argue that breach of the duty of good faith and fair dealing is not available in the context of a third party making a claim against an insured under a liability policy. This is a compelling position because it

would be untenable for an insurance company to owe the same duty of good faith and fair dealing to its insured and to a tort liability claimant whose interests are adverse to those of the insured. In that regard, Defendants note that the only third-party claim under such facts is a common law *Stowers* action. *Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc.*, 938 S.W.2d 27, 28-29 (Tex. 1996) (superseded by statute);[2] *see also, Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 484 (5th Cir. 2017), *vacated in part on reh'g on other grounds*, 889 F.3d 798 (5th Cir. 2018). They are correct.

The bad-faith tort applies only to first-party claims. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 n.2 (Tex. 1997). Extending it to third-party claims would improperly impose a higher duty on insurers than that specifically provided in *Stowers*. *Id.*; *see generally, Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 732 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding "we know of no case in which a Texas court has broadened an insurance carrier's duty of good faith and fair dealing to provide a remedy to an injured third party.").

The Pugas' argument to the contrary depends on inapposite cases. To the extent that they address the duty of good faith and fair dealing owed by insurance carriers, the Pugas' cases involve a claimant who is an additional insured under the policy. The cases do not involve a tort claimant, who is a contractual stranger to the policy, making a claim against an insured. *See Cartwright v. Balboa Insurance*, No. 1:07-CV-360, 2009 WL 10677492 (E.D. Tex. Jan. 6, 2009) (lender-placed insurance policy listed borrower as

---

[2] To the extent that there is a statutory duty to the insured to settle a claim within policy limits when liability becomes reasonably clear, that statutory claim is expressly denied to third-party claimants. Tex. Ins. Code § 541.060(a)(2)(A), (b).


additional insured); *Paragon Sales Co. v. New Hampshire Ins. Co.*, 774 S.W.2d 659, 660 (Tex. 1989) (per curiam) (indemnity insurance on cargo carrier's insurance contract insured the parties who shipped the goods through the carrier); *Bates v. Jackson Nat'l Life Ins. Co.*, 927 F. Supp. 1015, 1026 (S.D. Tex. 1996) (beneficiaries listed as insureds on life insurance policy); *Todd v. Liberty Mut. Ins. Co.*, No. 3-00-CV-2405-BD, 2001 WL 1297193 (N.D. Tex. Oct. 9, 2001) (employees insured under employer's workers compensation policy); *Hopkins v. Highlands Ins. Co.*, 838 S.W.2d 819, 826 (Tex. App.—El Paso 1992, no writ) (employer's insurance policy listed employees as additional insureds); *St. Paul Guardian Ins. Co. v. Luker*, 801 S.W.2d 614, 616 (Tex. App.—Texarkana 1990, no writ) (children of insured were insured third-party beneficiaries of homeowner's policy where they lived in the same home and their property was destroyed by fire). Thus the Pugas have failed to provide any authority to controvert that which the Defendants have offered.

A tort claimant is not a third-party beneficiary of the insured's liability policy for purposes of enforcing the duty of good faith and fair dealing. The Court GRANTS IN PART the motion to dismiss and DISMISSES the claim for breach of the duty of good faith and fair dealing.

### 2. Right to Recover Exemplary Damages on an Assigned *Stowers* Claim

In response to Defendants' challenge, the Pugas rely on the general availability of exemplary damages in *Stowers* actions, focusing on authorities governing the burden of proof. D.E. 50. RCX, as the insured, certainly had a right to recover exemplary damages to redress its *Stowers* injury. *See generally, Ranger Cnty. Mut. Ins. Co. v. Guin*, 723

S.W.2d 656, 660 (Tex. 1987). But the issue Defendants raise is whether that right remains intact when the insured assigns the *Stowers* claim to a third party. The Pugas are silent on that issue.

As Defendants assert, "Courts addressing assignability have often distinguished between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not." *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 87 (Tex. 2004) (collecting cases and holding that DTPA claims are personal and punitive and, hence, not assignable). It has long been held that "[a]ctions for punitive damages, as for maliciously suing out a writ of attachment, malicious prosecutions, and the like, die with the person of the wrongdoer." *Johnson v. Rolls*, 79 S.W. 513, 514 (1904).

Consistent with that body of law, when a *Stowers* action is transferred to an excess carrier by equitable subrogation, no claim for punitive damages accompanies the *Stowers* negligence claim. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.*, 955 S.W.2d 120, 134 (Tex. App.—Houston [14th Dist.] 1997), *aff'd sub nom. Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692 (Tex. 2000). The Court holds that, for the same reasons, the same result obtains in a contractual assignment of a *Stowers* claim. Therefore, the Court GRANTS IN PART the motion to dismiss with respect to the claim for exemplary damages.

## CONCLUSION

For the reasons set out above, the motion for leave to amend the complaint (D.E. 45) is DENIED IN PART in that the Court DENIES leave to join Prosight Management

as a party and STRIKES paragraph 56 of the first amended complaint, along with references to ProSight Management as a contract party and defendant as detailed above. The motion for leave is otherwise GRANTED IN PART to allow the inclusion of agency allegations and additional claims against New York Marine and to eliminate claims that were dismissed and not cured.

The motion to dismiss (D.E. 49) is GRANTED IN PART and the claims for breach of the duty of good faith and fair dealing and for punitive or exemplary damages are DISMISSED. The motion to dismiss is DENIED IN PART as moot regarding the Insurance Code claims.

This action will now proceed with the following retained claims:

- Breach of contract (brought as third-party beneficiaries) and breach of the *Stowers* duty (brought as assignees) against New York Marine on the liability insurance policy; and
- Breach of contract against Southwest on the supersedeas bond.

The Court acknowledges that the Pugas have filed motions for partial summary judgment on the breach of contract actions against Southwest and New York Marine. D.E. 34, 37. The Court will adjudicate those motions by separate order.

ORDERED this 28th day of January, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE