United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEXANDRO PUGA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-381 |
| § | |
| NEW YORK MARINE & GENERAL § | |
| INSURANCE CO., *et al*, § | |
| § | |
| Defendants. § | |

# ORDER ON MOTIONS
# FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Alexandro and Norma Puga filed this action against Defendants New York Marine & General Insurance Co. (New York Marine) and Southwest Marine & General Insurance Co. (Southwest) after recovering a personal injury judgment against RCX Solutions, Inc. (RCX). Pursuant to the Court's diversity jurisdiction, they assert state law claims to collect against the tortfeasor's insurance and supersedeas bond providers. 28 U.S.C. § 1332; D.E. 1, pp. 1-2. After previous dismissal proceedings, the Court dismissed all claims except for the Pugas' claims: (1) to recover on a breach of contract theory against Southwest's supersedeas bond; (2) to recover on a breach of contract theory against New York Marine's insurance policy; and (3) for judgment amounts in excess of policy limits against New York Marine pursuant to breach of its *Stowers* duties. D.E. 53.

Before the Court are the Pugas' motions for partial summary judgment on the two breach of contract claims. D.E. 34, 37. Defendants filed a joint response. D.E. 38. For

the reasons set out below, the Court GRANTS the motion against New York Marine (D.E. 37) and TAKES UNDER ADVISEMENT the motion against Southwest (D.E. 34) pending tender of payment by New York Marine.

## FACTS

The following fundamental facts are without dispute:[1]

1. The Pugas' original judgment against RCX exceeded $11 million. D.E. 38-2.

2. RCX is insured under a liability policy issued by New York Marine that covers the Pugas' claim with policy limits of $1 million. D.E. 38-1.

3. To obtain a stay of execution against RCX on the underlying judgment pending an appeal, RCX (as principal) and Southwest (as surety) issued a supersedeas bond, stating that they

    > acknowledge themselves liable to pay Plaintiffs Alexandro Puga and Norma Puga, the judgment creditors, at the conclusion of the appeal, all damages and costs that may be awarded against RCX Solutions, and Southwest Marine and General Insurance Company acknowledges itself liable to pay to judgment creditors an amount not to exceed $1,000,000 of all damages and costs awarded against RCX Solutions.

    D.E. 38-2.

---

[1] Defendants have objected to the Pugas' reliance on their pleadings in stating their facts. D.E. 38, p. 5 n.3. But the Court finds that the operative facts are derived from the exhibits attached to the motions and response and have not been controverted. As those exhibits are matters subject to judicial notice or are admissions against interest of Defendants, the Court OVERRULES the objection.

4. On appeal, the bulk of the Pugas' judgment was affirmed, with RCX still owing them a judgment in excess of $9.75 million (D.E. 38-3), leading to the following sequence of events:

   a. New York Marine tendered its $1 million policy limits on behalf of RCX, with interest, to the Pugas;

   b. Despite the tender of policy limits and because the judgment exceeded that amount, the Pugas still made a demand for payment of $1 million of RCX's judgment on the supersedeas bond;

   c. Southwest refused to pay on the bond because New York Marine had tendered its payment; and

   d. New York Marine stopped payment on its policy limits check because the Pugas refused to release the supersedeas bond.

D.E. 34-2.

The parties are now in a stand-off. The Pugas claim that they are entitled to $2 million ($1 million each from New York Marine and Southwest), or at least $1 million from one of them. Defendants claim that the Pugas are not entitled to anything because they will not accept the (withdrawn) $1 million from New York Marine and execute a release in favor of Southwest.

## DISCUSSION

**A. The Pugas Are Entitled to the New York Marine Policy Limits.**

The Pugas are third-party beneficiaries of Commercial Liability Policy Number PK20 14MCA00787 issued by New York Marine, insuring RCX. D.E. 38-1. They have obtained a legally enforceable judgment against the insured, RCX, for bodily injury damages caused by an accident to which the policy applies. D.E. 38-3. The law recognizes that tortfeasor's victims, in their own name as intended third-party beneficiaries, may sue the tortfeasor's insurance carrier in a direct action for policy benefits once a judgment has issued. *See generally*, *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969); *Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The Pugas' have asserted that claim in this case. D.E. 44, 53. And they now seek partial summary judgment granting the claim. D.E. 37.

New York Marine does not deny that the policy exists and that the Pugas have a valid claim to the full limits of the $1 million policy benefits. D.E. 38. Nor does it deny that it has failed and continues to refuse to pay those policy limits to the Pugas. Rather, the arguments in the response are directed to matters that allegedly relieve Southwest of its liability on the bond.

The Pugas' breach of contract claim requires showing: (1) a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014). Based on the record before the Court, the Court FINDS:

- New York Marine issued a policy of insurance, constituting a contract, which exists for the intended benefit of the Pugas as tort victims of the insured, RCX.

- The Pugas have performed as necessary by obtaining a judgment against RCX for damages covered by the policy.

- New York Marine has breached the contract by withdrawing its tendered payment and refusing to reissue it until the Pugas comply with conditions not provided for in the policy (addressed more fully below).

- Because their judgment against RCX exceeds policy limits and because they have been forced to hire an attorney to prosecute their claim, the Pugas been damaged in the amount of the policy limits and their reasonable and necessary attorney's fees as a result of New York Marine's breach.

Consequently, the Pugas are entitled to recover policy limits and attorney's fees on their breach of contract claim.

### B. New York Marine is Not Entitled to Withhold Payment for the Benefit of Southwest

Nothing in the policy of insurance allows New York Marine to withhold policy benefits until the Pugas release Southwest from its liability on the supersedeas bond. While RCX's payment of policy limits from the New York Marine policy benefits is the act that the supersedeas bond secures, the terms of the insurance obligation are independent of the terms of the bond obligation. To suggest otherwise is to impose an

involuntary compromise and settlement of rights that may not exist and that are not relevant to the insurance policy obligations.

New York Marine does not explain the basis for its unilaterally-imposed condition to payment of benefits. Thus its attempt to secure a release of the bond as a condition to payment of policy benefits appears to be a gratuitous effort to protect a sister corporation rather than enforcing any contractual duty or condition precedent. As such, it is not a matter that defeats the Pugas' claim. And while New York Marine does not expressly raise it as a defense to the motion, the Court rejects it as an improper occurrence revealed in the fact scenario.

### C. Southwest's Liability is Not Yet Clear

The defenses to the motion appearing in the response are directed to the consequences of the Pugas attempting what the Defendants refer to as a double recovery—$1 million in insurance policy proceeds and $1 million on the supersedeas bond. The arguments involve whether New York Marine's payment of policy limits or the Pugas' conduct making both demands affect Southwest's liability on the bond. But so long as New York Marine still has possession of the policy limits and has not paid them to the Pugas, those issues are unduly complicated. The Court declines to rule on them at this time.

### CONCLUSION

For the reasons set out above, the Court GRANTS the Pugas' motion for partial summary judgment against New York Marine (D.E. 37) and ORDERS New York Marine to pay the policy limits to the Pugas or into the registry of the Court on or before

February 26, 2021. The Court ORDERS the Pugas to file any motion seeking attorney's fees on or before March 12, 2021, with the timing of any response to be governed by Local Rule 7.

The Court takes the Pugas' motion for partial summary judgment against Southwest (D.E. 34) UNDER ADVISEMENT pending New York Marine's tender of policy limits as required above or the expiration of the time for doing so.

ORDERED this 29th day of January, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE