UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-381 |
| | § | |
| NEW YORK MARINE & GENERAL | § | |
| INSURANCE CO., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON ATTORNEYS' FEES

Plaintiffs obtained a money judgment against RCX Solutions, Inc. (RCX) in a personal injury lawsuit arising out of a highway collision with a tractor-trailer. After successfully defending that judgment on appeal, Plaintiffs filed this action. In part, they sought and obtained an order to collect a portion of the judgment from Defendant New York Marine & General Insurance Co. (New York Marine) as third-party beneficiaries of the commercial insurance policy it issued to RCX. Now before the Court is Plaintiffs' Motion for Attorneys' Fees (D.E. 79), together with New York Marine's response (D.E. 93) and Plaintiffs' reply (D.E. 95). For the reasons set out below, the motion is **DENIED**.

### BACKGROUND

**One of Three Claims**. As a preliminary matter, the Court clarifies the nature of the claim on which Plaintiffs seek attorneys' fees. They filed this action not only to recover the New York Marine liability insurance policy benefits but to recover on a supersedeas bond that Defendant Southwest Marine & General Insurance Co.

1 / 6

(Southwest) issued in favor of RCX to secure RCX's payment of the judgment pending appeal. Additionally, they sued New York Marine for alleged violations of the *Stowers* doctrine.

This Court granted Plaintiffs the New York Marine policy benefits. It denied them the proceeds of the Southwest supersedeas bond. And the parties settled the *Stowers* liability claim. Therefore, the recovery of attorneys' fees is allowed only as they relate to the breach of contract action against New York Marine.

**Nature of the Attorneys' Efforts**. The claim for policy benefits was complicated only by Plaintiffs' demand for supersedeas bond proceeds. The undisputed facts reflect that, after the judgment against RCX became final, New York Marine tendered to Plaintiffs its $1 million policy limits, with interest, on behalf of RCX. Despite the tender of policy limits and because the judgment exceeded that amount, Plaintiffs made a demand for an additional $1 million of the judgment against RCX from Southwest on the supersedeas bond. Southwest refused to pay on the bond because New York Marine had tendered its payment. And New York Marine stopped payment on its policy limits check because Plaintiffs refused to release the supersedeas bond. D.E. 55. This action was filed to resolve the stand-off.

Plaintiffs filed two summary judgment motions to recover against New York Marine and Southwest. New York Marine did not deny its liability to Plaintiffs on the policy. Its defense was limited to the conflict created by the demand on the supersedeas bond. The Court granted summary judgment against New York Marine on the policy and held the motion for summary judgment against Southwest under advisement pending

New York Marine's payment of policy proceeds. New York Marine tendered the policy payment as ordered by the Court and the Court then denied summary judgment against Southwest. D.E. 55; Minute Entry for February 26, 2021; D.E. 70.

In essence, Plaintiffs sought a double recovery (policy benefits and supersedeas bond proceeds) when they were entitled to only a single recovery. And Defendants sought to exploit that error by arguing that making both demands extinguished Plaintiffs' rights to any recovery. In short, this action against New York Marine was required only because of Defendants' overreaction to Plaintiffs' overreaching. And now Plaintiffs seek up to $425,000.00 in attorneys' fees, based largely on their contingency fee agreement with their attorneys.

## DISCUSSION

Plaintiffs' claim to attorneys' fees invokes the statutory provision allowing for the award of attorneys' fees with the successful prosecution of a claim for breach of contract. Tex. Civ. Prac. & Rem. Code § 38.001(a). To recover attorneys' fees under the statute:

> (1) the claimant must be represented by an attorney;
>
> (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
>
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem. Code § 38.002.

New York Marine's response first argues that Plaintiffs did not make the presentment necessary to support the award of attorneys' fees. Second, New York Marine argues that no attorneys' fees were reasonable and necessary under the

circumstances or, alternatively, that only a much smaller amount is appropriate. The first argument is dispositive here.

The claimant "must plead and prove that presentment of a contract claim was made to the opposing party and that the party failed to tender performance." *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). The Supreme Court of Texas has explained that

> The purpose of the requirement for presentation of a claim is to allow the person against whom it is asserted an opportunity to pay a claim within 30 days after they have notice of the claim without incurring an obligation for attorney's fees. No particular form of presentment is required.

*Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981). Presentment may be made orally or in writing. *See id*.

Plaintiffs do not represent in their motion that presentment was made. And their reply does not address New York Marine's argument that their claim is deficient in this respect. Therefore, the Court considers other matters of record in this case. *See Bethel v. Norman Furniture Co., Inc.*, 756 S.W.2d 6, 8 (Tex. App.—Houston [1st Dist.] 1988, no writ) ("When the question of attorney's fees is submitted to the court, the court may consider the entire case file to determine whether presentment was made.").

The only allegations in Plaintiffs' complaint pertaining to a demand or presentment of a claim are (1) the postjudgment demand on the Southwest supersedeas bond, and (2) the prejudgment settlement negotiations involving New York Marine in reference to the *Stowers* claim. D.E. 44. A *Stowers* demand is presentment only of the negligence action, not the contract action on the policy because the contract debt is not

yet owed. *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex. App.—Austin 1992, no writ) (citing *Western Cas. & Sur. Co. v. Preis*, 695 S.W.2d 579, 591 (Tex. App.—Corpus Christi-Edinburg 1985, writ ref'd n.r.e.)); *see also Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (holding that contract liability under a UM/UIM provision in a policy does not arise until a judgment determines the liability of the tortfeasor in an amount exceeding its insurance coverage). Plaintiffs have not pled a postjudgment demand against New York Marine.[1]

It appears to be undisputed that on September 27, 2019, after the judgment against RCX became final, New York Marine tendered payment of the policy proceeds in full without first receiving any demand. D.E. 34-2, p. 6; 93-1, p. 19. After stopping payment on that check, New York Marine repeatedly attempted to contact Plaintiffs' counsel to resolve the issue posed by Plaintiffs' demand on Southwest's supersedeas bond. D.E. 34-2.[2] New York Marine's letters reflect genuine confusion over whether Plaintiffs received the check New York Marine originally tendered and whether they actually intended to seek payment from both the policy and the supersedeas bond or whether the overlap was inadvertent.

Instead of making a demand against New York Marine or responding to New York Marine's invitation to discuss the matter and at least resolve any confusion, Plaintiffs filed this action on December 16, 2019. The failure to present their demand

---

[1] Distinguishing this third-party breach of contract case from the first-party UM/UIM case adjudicated in *Brainard*, the judgment itself does not suffice as presentment because the judgment in this case is against the policyholder, not the insurance carrier.

[2] This exhibit contains letters of October 23, 2019 and November 12, 2019, which in turn refer to telephone messages left by counsel for New York Marine and unanswered by counsel for Plaintiffs.

defeated the purpose of the requirement by preventing New York Marine from gaining a true understanding of the basis for the dispute before incurring the expense and risks associated with litigation.

The Court thus **FINDS** that Plaintiffs have failed to satisfy their burden to show that they presented their claim prior to filing this lawsuit.  Having failed to satisfy this predicate for recovery, the Court **DENIES** Plaintiffs' motion for attorneys' fees in its entirety.

## CONCLUSION

For the reasons set out above, the Court DENIES Plaintiffs' motion for attorneys' fees (D.E. 79).

ORDERED this 25th day of June, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE